IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37045

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 591 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 12, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DAVID HOCHSTETLER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order relinquishing jurisdiction and requiring execution of unified seven-year sentence with two-year determinate term, without modification, for grand theft, affirmed.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

David Hochstetler pled guilty to grand theft. Idaho Code §§ 18-2403(1), 18-2407(1)(b). The district court sentenced Hochstetler to a unified term of seven years, with a minimum period of confinement of two years, suspended the sentence, and placed Hochstetler on supervised probation for seven years. Subsequently, Hochstetler admitted to violating several terms of the probation, and the district court consequently revoked probation, ordered execution of the original sentence, and retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished jurisdiction. Hochstetler appeals asserting that the district court

1

abused its discretion when it failed to sua sponte reduce his sentence upon relinquishing jurisdiction.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Hochstetler has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

The trial court, upon relinquishing jurisdiction, is authorized under Idaho Criminal Rule 35 to reduce the sentence. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in relinquishing jurisdiction or in ordering execution of Hochstetler's original sentence. Therefore, the order relinquishing jurisdiction and directing execution of Hochstetler's underlying sentence, without modification, is affirmed.